IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN A. CROSBY,<br><br>    Defendant and Judgment Debtor.<br><br>WELLS FARGO BANK, N.A.,<br>(and its Successors and Assignees)<br><br>    Garnishee. | No. 2:22-mc-00179-JAM-KJN<br><br>FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF GARNISHMENT<br><br>(ECF No. 14) |

Before the court is the United States' request for issuance of a final order of garnishment against certain property of defendant John A. Crosby, under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(c)(7).[1]  (ECF No. 14.)  The government seeks to garnish defendant's non-exempt property and accounts maintained by Wells Fargo Bank, N.A. ("Garnishee") in an effort to collect on the approximately $3.6 million defendant owes under his 2022 federal criminal judgment in this court.  As explained below, the undersigned recommends granting the request.

---

[1] This matter is before the undersigned for findings and recommendations pursuant to Local Rule 302(c)(7) and 28 U.S.C. § 636(b)(1)(A).

**Background**

On February 25, 2022, defendant was sentenced in criminal case number 2:17-CR-00006-JAM and ordered to pay a statutory assessment of $200.00, a fine of $10,000, and restitution of $3,600,294.08.  (Crim. ECF No. 179 at 6, Second Amended Judgment & Commitment.)  These criminal monetary penalties were made due immediately.[2]  (Id. at 8.)  As of July 6, 2022, defendant still owes $3,610,294.08.  (ECF No. 14 at 2.)

In an attempt to collect the balance of these criminal monetary penalties, the government filed an application for a writ of garnishment against any property in the Garnishee's possession in which defendant has an interest, including property held in his spouse's name in which he has an interest.[3]  (ECF No. 1.)  The Clerk of Court issued the writ of garnishment on June 6, 2022.  (ECF No. 4.)  The government served the writ and its attachments on Garnishee (ECF No. 2) and also served defendant and his spouse with copies (ECF Nos. 5, 6).  The documents served on defendant and his spouse advised them, among other things, of their rights to claim exemptions to garnishment and request a hearing on such claims, request a hearing to quash the writ, and/or object to the Garnishee's answer and request a hearing thereon.  (Id.)

On June 28, 2022, Garnishee filed an Acknowledgment of Service and Answer, stating that it has possession of three accounts in which defendant and/or his spouse maintain an interest:

Checking Account ******9637 with an approximate value of $32,442.26;

Checking Account ******0110 with an approximate value of $10,000.00; and

Checking Account ******5902 with an approximate value of $642.43.

(ECF No. 11.)

Garnishee served its Answer on defense counsel, defendant's spouse, and the government.  (Id. at 3.)  On July 5, 2022, defendant's spouse Jeni Crosby filed an objection and request for hearing only as

---

[2] Although the criminal judgment sets a payment schedule to apply while defendant is incarcerated (as he is, at present), the District Judge specifically ordered that "all criminal monetary penalties imposed by the Court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Any payment schedule or plan set by the Court is merely a minimum and does not foreclose the government from collecting all criminal monetary penalties at any time through all available means." (Crim. ECF No. 174 (Order Re Restitution) at 2.)

[3] Several other related garnishment actions against John A. Crosby are also pending in this court.  Case Nos. 2:22-mc-00178-JAM-KJN, 2:22-mc-00180-JAM-KJN, 2:22-mc-00181-JAM-KJN.

to the garnishment of the account ending in 5902 on grounds that the funds in that account belong to their minor son, Austin J. Crosby. (ECF No. 12.) At the government's request, the court terminated the garnishment as to that account ending in 5902 and thus denied as moot Jeni Crosby's objection and request for hearing. (ECF Nos. 13, 16.)

Defendant, himself, filed no objections, nor did he file a claim of exemption or request for hearing. Defendant's spouse filed no objections or requests for hearing as to the garnishment of the other two accounts. Accordingly, this garnishment action is proceeding only as to the accounts ending in 9637 and 0110.

The government now seeks a final order of garnishment directing the Garnishee to liquidate and pay to the Clerk of Court all funds in those two accounts held by Garnishee.[4] (ECF No. 14 at 3.)

**Discussion**

Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. United States v. Mays, 430 F.3d 963, 965 n.2 (9th Cir. 2005). The FDCPA establishes the "exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution." Id. at 965; see 28 U.S.C. §§ 3001(a)(1), 3002(3)(B).

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." Id. Property is defined under the FDCPA to include, as relevant, "any present or future interest, whether legal or equitable, in real, personal . . . , or mixed property, tangible or

---

[4] The undersigned recommended approving the government's request for authorization to recover a litigation surcharge pursuant to 28 U.S.C. § 3011(a) in the related garnishment action against Mr. Crosby, Case No. 2:22-mc-00180-JAM-KJN. Accordingly, the court does not address the duplicative request for such authorization in this action.

intangible, vested or contingent, wherever located and however held (including community property and property held in trust . . .)[.]" 28 U.S.C. § 3002(12).

The FDCPA requires the government to provide the judgment debtor with notice of the commencement of garnishment proceedings.  28 U.S.C. § 3202(b).  The judgment debtor then has twenty days after receipt of the notice to request a hearing.  28 U.S.C. § 3202(d).  After the garnishee files an answer, and if no hearing is requested within the required time period, the court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property.  28 U.S.C. § 3205(c)(7).

Here, defendant's interest in the accounts ending in 9637 and 0110 in Garnishee's possession is property as defined under the FDCPA and is therefore subject to garnishment.  Further, the United States complied with the FDCPA's requirements regarding an application for writ of garnishment.  Neither defendant nor his spouse timely filed a request for a hearing under 28 U.S.C. § 3202(d), objections to Garnishee's answer, or otherwise responded to the government's application with respect to these two accounts.  Therefore, a garnishment order must issue.

**Conclusion**

Accordingly, IT IS RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Garnishment (ECF No. 14) be GRANTED;

2. Garnishee Wells Fargo Bank, N.A. be directed to pay the Clerk of the United States District Court all of the funds held by Garnishee in Checking Accounts ******9637 and ******0110 within fifteen (15) days of the filing of the Final Order.  Payment shall be made in the form of a cashier's check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> United States District Court, Eastern District of California
> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (2:17-CR-00006-JAM) shall be stated on the payment instrument;

///

3.     The court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

4.     The garnishment of Checking Accounts ******9637 and ******0110 shall terminate when the payment from those accounts is deposited with the Clerk of the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 9, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cros.0179